# IN THE COURT OF APPEALS OF IOWA

No. 22-1956
Filed August 30, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**AARON BROWN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County,
William P. Wegman, District Associate Judge.


        Defendant appeals his conviction for operating a vehicle without owner's
consent. **AFFIRMED.**


        Martha J. Lucey, State Appellate Defender, and Ashley Stewart, Assistant
Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Thomas J. Ogden, Assistant Attorney
General, for appellee.


        Considered by Greer, P.J., and Schumacher and Badding, JJ.

**SCHUMACHER, Judge.**

Aaron Brown appeals his conviction for operating a vehicle without owner's consent, arguing insufficient evidence exists to support his conviction. We conclude substantial evidence exists to support the conviction and affirm.

### I.      Background Facts & Prior Proceedings

A rational trier of fact, here, a Black Hawk County jury, could conclude the following from the evidence presented at trial. On November 23, 2021, two days before the Thanksgiving holiday, friends Aaron Brown and Randal Haskins were patronizing casinos in the Quad Cities. They later decided to drive to Waterloo, as Haskins had a few free night's stays at a casino there. The pair planned to stay at the casino until November 25th, Thanksgiving Day. Haskins set up a late check-out, with a joint plan to leave around noon to get to their family holiday celebrations by 4:00 p.m.

On Thanksgiving morning, Haskins spent time playing the slot machines before returning to the room he was sharing with Brown; Haskins arrived back at the room around 10:00 a.m. There he found Brown and another man. Haskins fell asleep in the room and was later awakened by housekeeping. He could not locate his vehicle keys. And his vehicle, a 2010 Ford Focus, was missing. Haskins testified that he had never given Brown consent to take his vehicle. Without keys or his vehicle, Haskins sat with his two dogs in the hotel foyer for eight hours until another hotel guest paid for a room for him.

Brown was discovered around 9:30 p.m. that night by Officer Anel Husidic in a 2010 Ford Focus parked outside a convenience store in Hudson, Iowa. Officer

Husidic was called to this location to investigate reports of a suspicious vehicle that had been parked outside the store for roughly five-and-one-half hours. On arrival, Officer Husidic confirmed the vehicle was registered to Haskins, and he observed that Brown was fidgety and "seemed kind of off." Brown had been at the convenience store since around 4:00 p.m. because the Ford Focus would not start. Officer Husidic offered assistance using jumper cables from his squad vehicle, but he could not get the vehicle running. Brown never indicated why he was driving Haskins's vehicle, and he never conveyed that he might need to reach his friend. Although Brown stated that he would return to get the vehicle, the vehicle remained at the convenience store and was eventually impounded.

Hoping Brown would return with his vehicle, Haskins waited three days before he called the police. He heard nothing from Brown. Eventually, Haskins learned that his vehicle, easily recognizable with giant decorative stickers and a "busted out back left window," was spotted in Hudson. When he spoke to police, Haskins told them Brown had taken his vehicle to give a friend a ride home, but he later stated this became known to him only after the fact.

Brown was arrested and charged with operating a vehicle without owner's consent. Two witnesses testified at trial, Haskins and Officer Husidic. The jury found Brown guilty, and he was sentenced to a two-year suspended prison sentence and two years of informal probation. Brown filed this timely appeal.

## II. Standard of Review

Sufficiency of the evidence is reviewed for correction of legal error. *State v. Crawford*, 974 N.W.2d 510, 516 (Iowa 2022). In sufficiency-of-the-evidence cases, we consider if the verdict is supported by substantial evidence. *Id.*

Substantial evidence is evidence that would convince a rational trier of fact of guilt beyond a reasonable doubt. *Id.* Evidence must do more than simply raise "suspicion, speculation, or conjecture." *State v. Casady*, 491 N.W.2d 782, 787 (Iowa 1992). We view the evidence in the light most favorable to the State. *Crawford*, 974 N.W.2d at 516.

### III. Sufficiency of the Evidence

On appeal, Brown's sole argument is that the State failed to present sufficient evidence he had possession or control of another's vehicle without their consent. A person operates a vehicle without owner's consent if they "take possession or control of any . . . vehicle . . . without the consent of the owner of such." Iowa Code § 714.7 (2021). Brown was found with Haskins's vehicle,[1] so the only question remaining is whether sufficient evidence was presented to show his use of the vehicle was without consent of the owner. We answer in the affirmative.

Haskins testified at trial. When asked if Brown had consent to use his vehicle, Haskins responded: "[a]bsolutely not." He also testified that Brown never even asked him if he could use the vehicle. Brown contends that because Haskins waited three days to call the police, and because he told them that Brown had taken his vehicle to drive a friend home, it necessarily follows that the State failed to present sufficient evidence. However, "'It is not the province of the court . . . to resolve conflicts in the evidence, to pass upon the credibility of witnesses, to determine the plausibility of explanations, or to weigh the evidence; such matters

---

[1] Undisputed evidence presented at trial showed that the 2010 Ford Focus in which Brown was located was registered in Haskin's name.

are for the jury.'" *State v. Williams*, 695 N.W.2d 23, 28 (Iowa 2005) (citation omitted).

Haskins maintained throughout trial that he never gave consent for Brown to take his vehicle. He explained that he did not know Brown took his vehicle to drive a friend home until after the fact. The two had agreed to a plan where they would get to their family Thanksgiving celebrations around 4:00 p.m., but Brown did not even arrive at the convenience store until that time. There had been no agreement to deviate from the original plan, and even though neither of them had cell phones, Brown made no attempt to contact Haskins in any way after leaving the casino with the vehicle. We conclude there is substantial evidence in the record to convince a rational trier of fact of Brown's guilt beyond a reasonable doubt.

**AFFIRMED.**